UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIE E. WILLIAMS,

                Plaintiff,

-against-

CITY OF NEW YORK, ET AL.

                Defendants.

24-CV-4283 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this action *pro se*. By order dated June 10, 2024, the Court directed Plaintiff, within 30 days, to submit a signed copy of the signature page of the complaint. (ECF 4.) That order specified that failure to comply would result in dismissal of the complaint. By order dated September 18, 2024, the Court granted Plaintiff an additional 30 days to comply with its order. Plaintiff did not submit a signed copy of the complaint's signature page, and by order dated November 14, 2024, the Court dismissed the action. (ECF 6.) The Clerk of Court entered judgment on November 15, 2024. (ECF 7.) On November 26, 2024, the court received from Plaintiff a notice of appeal, a motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP. (ECF 8 & 9.)

      For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary, and denies her motion for leave to proceed IFP on appeal and her application to appeal IFP.

## DISCUSSION

**A.     Rule 4(a)(5) motion**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A).

The abovementioned judgment was entered on November 15, 2024. Plaintiff, therefore, has until 30 days later, or until December 16, 2024, to file her notice of appeal. Her notice of appeal was filed on November 26, 2024, and is, accordingly, timely. The Court therefore denies Plaintiff's Rule 4(a)(5) motion as unnecessary.

**B.     IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In its November 14, 2024 order of dismissal, and its November 15, 2024 judgment, the Court certified, under Section 1915(a)(3), that any appeal from that order and judgment would not be taken in good faith (ECF 6 & 7), and denied IFP for the purpose of an appeal, *see* § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and her application to appeal IFP.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 9), as unnecessary, because her notice of appeal (ECF 8) is timely. The Court also denies Plaintiff's motion for leave to proceed IFP on appeal and application to appeal IFP. (*Id.*)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 27, 2024
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge